## ROFRA, INC. *v.* BOARD OF EDUCATION, PRINCE GEORGE'S COUNTY, MARYLAND

[No. 109, September Term, 1975.]

*Decided November 4, 1975.*

The cause was argued before MOYLAN, MENCHINE and LOWE, JJ.

*Gary R. Alexander,* with whom were *Giordano, Alexander, Haas, Mahoney & Bush* on the brief, for appellant.

*Paul M. Nussbaum* and *Richard E. Ekstrand* for appellee.

LOWE, J., delivered the opinion of the Court.

Because the successful bidder to perform plumbing work for the Board of Education of Prince George's County had not conformed to a prerequisite of solicitation requiring that the bidder be "a licensed master plumber, or have a licensed master plumber in their employment," appellant, an unsuccessful bidder, filed a two count declaration seeking injunctive relief and damages for breach of contract. Appellee moved for summary judgment in the Circuit Court

for Prince George's County. On November 21, 1974 appellant dismissed Count I of the declaration because the injunctive relief sought had become moot, and confessed judgment on the appellee's motion as to that count.

Issue was joined, however, as to the appellee's motion relative to the remaining count praying damages for breach of contract. After a hearing on the motion, the judge granted the motion for summary judgment saying:

> "My conclusion is as long as they use a master plumber doing the work he is required to do the rest is only directory. Therefore, the motion for summary judgment will be granted. Judgment entered for the defendant, and costs, as to the second count."

Appellant contends that the trial judge erred because there were material disputes of fact on the record indicating that the contract was wrongfully awarded. Without reaching the question decided by the trial judge, we find the result reached by him nonetheless proper.

When appellant dismissed its first count seeking injunctive relief, it was left seeking damages for breach of contract; however, it had no contract with appellee which it could breach. Its own pleading noted the "awarding of the contract to William F. Harrison, Inc., rather than to Plaintiff [appellant]."

When this fact was brought to appellant's attention at argument upon appeal, appellant suggested — or acquiesced in the suggestion — that the contract allegedly breached upon which this suit was founded, was a contract conceived by appellee's invitation to bid and consummated when appellant accepted by submitting its proposal, which, appellant contends, was the only proper one before the board.

We do not agree that an invitation to bid is an offer and a conforming bid an acceptance. W. T. Brantly's, *Law of Contract*, 2d ed. at 15 (1912) refers to such solicitations as "Invitations to negotiate." Citing *Packard v. Hayes*, 94 Md.

233 and *Baltimore City v. Flack,* 104 Md. 107 as supporting his premises, Brantly says:

"So where a committee advertise for proposals for the erection of a building, the advertisement is not an offer. It is merely asking for offers and there is no promise to accept any." [1] W. T. Brantly, *Law of Contract,* at 16-17.

In *Williston on Contracts,* 3d ed., Sec. 31, the message is even more clear:

"Often tenders or bids are advertised for by public corporations, municipalities, counties or states, or private corporations. The rules governing such bidding are analogous to the rules governing auction sales. That is, an ordinary advertisement for bids or tenders is not itself an offer but the bid or tender is an offer which creates no right until accepted. Even though the charter of a municipality expressly requires that a contract shall be awarded to the lowest responsible bidder, a contract is not formed until the lowest bid is in fact accepted. Though the municipality can make a contract with no other person than the lowest bidder, it need make no contract at all since there is no obligation to accept any offer." [footnotes omitted].

The summary judgment was properly granted; appellant had no contract upon which to sue. When it dismissed its count for injunctive relief appellant was without a cause of action, having no contract upon which to rely. We affirm the result reached by the trial judge but without reaching the reason he used to arrive at that result.

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

1. With the "Solicitation for Connection of Building Sewer to the Public Sewer at Surrattsville Senior High School" by appellee to which appellant responded, appellant coupled the "Contract General Provisions" which together comprised appellant's Exhibit I incorporated in its declaration. Section XXVII (c) of those provisions clearly reserves the right for the board "to reject any and all bids, in whole or in part. . . ."